```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Joe Hand Promotions, Inc.,    :

    Plaintiff,            :

    v.                    :       Case No. 2:08-cv-604

                               :

Tony R. Harmon,
et al.,                                Magistrate Judge Kemp

                               :

    Defendants.           :

## OPINION AND ORDER

On April 24, 2009, the Court granted summary judgment on liability alone against the defendants, Tony R. Harmon and HTK Investments, LLC d/b/a The Skybox Sports Bar & Grill. The Court subsequently entered an agreed order establishing a briefing schedule regarding damages. The parties each submitted a memorandum on damages pursuant to that schedule. The parties further agreed that oral argument was not needed and waived their right to an evidentiary hearing. Based on the written submissions and the applicable law, the Court will proceed to determine the proper measure of damages in this case.

I.

The Court has previously determined that the defendants willfully violated 47 U.S.C. §553 and §605 by unlawfully exhibiting certain programming the rights to which were owned by plaintiff Joe Hand Promotions, Inc. The plaintiff concedes that it may recover damages under only one of these sections. Here, the plaintiff has elected to proceed under §605(a).

Section 605(c)(3)(C)(i) provides for the recovery of either

actual damages or statutory damages.  The plaintiff has opted for statutory damages pursuant to §605(c)(3)(C)(i)(II).  Under that provision, the plaintiff may recover damages of not less than $1,000 or more than $10,000, as the Court considers just, for each violation of §605(a).  In cases where the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section."  47 U.S.C. §605(c)(3)(C)(ii).

    The plaintiff requests statutory damages of $10,000 and enhanced damages of $100,000 against each defendant.  The plaintiff also seeks its costs and attorney's fees, the recovery of which are mandatory under §605(e)(3)(B)(iii).  Although the Attorney's Affidavit of Costs and Fees attached to the plaintiff's memorandum would support an award of $2,496, the plaintiff has requested that the defendants each bear fees and costs of $700.25.  In their memorandum contra, the defendants submit that, under the circumstances, a fine of $110,000 would be unreasonable.  They ask, instead, that the Court consider a fine of $1,000 for each of the two violations.  The defendants did not respond to the plaintiff's request for costs and attorney's fees.

II.

    The circumstances surrounding the first violation on December 29, 2007, were not egregious.  The defendants did not advertise the event, did not charge a cover, and did not increase food or drink prices for the evening in question.  Furthermore, only twenty-four patrons were in the establishment at the time the program was aired, representing less than half of the number permitted under the applicable fire code.  Total gross receipts for food and drink for both December 29, 2007, and December 30,

2007, were $722.22.  According to the rate card provided by the
plaintiff, the defendants would have been charged either $750 or
$875 to have legally broadcast the UHC #79 boxing program,
depending on whether the seating capacity was 50, as claimed by
the defendants, or 70, as the plaintiffs claim.

The Court finds an award of $1,000 statutory damages to be
appropriate for the defendants' first violation.  This amount is
greater than what the plaintiff would have charged the defendants
to air the program.  Such an award is also similar to what other
courts have allowed based on the total number of patrons in the
establishment at the time of the transmission.  See <u>J & J Sports
Productions, Inc. v. Guzman</u>, 553 F.Supp.2d 195, 198 (E.D.N.Y.
2008).  Although the plaintiff did not provide the actual pay-
per-view charge for individual subscribers, assuming a charge of
$50, the total cost would have been $1,200.  Given the fact that
the defendants did not promote the broadcast in advance, it is
likely that not all of the twenty-four patrons would have paid to
see it.

The Court further finds that enhanced damages are not
warranted in this instance.  To justify enhanced damages, the
violation not only must have been willful, but also have been for
"purposes of direct or indirect commercial advantage or private
financial gain."  47 U.S.C. §605(c)(3)(C)(ii).  "Evidence of
willful exhibition for financial gain is insufficient when there
was no showing that a cover was charged, that the program was
advertised or that food or drink prices were increased, and that
establishments were not filled to capacity."  <u>Joe Hand
Promotions, Inc. v. Easterling</u>, No. 4:08 CV 1259, 2009 WL 1767579
at *6 (N.D. Ohio June 22, 2009) (internal quotation marks and
citations omitted).  Moreover, defendant Tony Harmon stated in an
affidavit that there were no plans to show the fight, but that a
customer had requested it to be put on.  While satisfying an

3

individual customer may under some circumstances be viewed as an indirect financial advantage, the Court believes that the plaintiff has not demonstrated that indirect financial gain was the motivation behind the defendants' unlawful broadcast of the UHC #79 boxing program.

III.

The circumstances surrounding the second violation were more flagrant. It is true that the defendants did not advertise the UFC #82 program, did not charge a cover, and did not increase the prices for food and alcohol for this event. The over-capacity crowd on March 8, 2008, suggests, however, that the establishment benefitted financially from the broadcast. It is reasonable to infer that some of the same customers who watched the prior UFC program appeared at the Sky Box expecting to see another UFC event. Further, whether by word of mouth or otherwise, it appears that a far larger crowd showed up expecting to view the UFC #82 program. Total gross bar receipts for the evening of March 8, 2008, more than doubled what were taken in on December 29, 2007, and December 30, 2007.

Even for a crowd as large as 150 people, the plaintiff would have charged a commercial establishment only $975 to air the UFC #82 program. Given the different circumstances, however, the Court finds that statutory damages of $2,500 are appropriate for the defendants' second violation. This award is equal to the amount that would have been generated using the defendants' seating capacity of 50 and assuming a charge of $50 per person.

The Court also finds that enhanced damages of $2,500 are appropriate for this violation. In making this determination, the Court has considered the fact that this was the defendants' second violation within a matter of months, as well as the fact that the defendants obtained substantial unlawful monetary gains in the form of gross bar receipts. See Guzman, 553 F.Supp.2d at

199 (courts use a variety of factors in determining whether a defendant's willful conduct warrants enhanced damages). The Court also finds defendant Harmon's statement that the second program was turned on merely at the request of an individual customer less credible than his similar explanation regarding the first violation. The Court further finds that the amount of enhanced damages in this case should be sufficient to deter any future violations by the defendants while not so severe as to put the establishment out of business. See Kingvision Pay-Per-View Ltd. v. Autar, 426 F.Supp.2d 59, 64 (E.D.N.Y. 2006).

IV.

Based on the foregoing reasons, the Court orders that the plaintiff, Joe Hand Promotions, Inc., shall recover from the defendants, Tony R. Harmon and HTK Investments, LLC d/b/a The Sky Box Sports Bar & Grill, statutory damages of $3,500 pursuant to 47 U.S.C. §605(c)(3)(C)(i)(II), enhanced damages of $2,500 pursuant to §605(c)(3)(C)(ii), and costs and attorney's fees of $1,400.50 pursuant to §605(e)(3)(B)(iii). The damages award is joint and several - that is, each defendant is liable for the full amount of damages. See, e.g., Entm't by J & J Inc. v. Medina, 2002 WL 273306, *3 (S.D.N.Y. Feb. 26, 2002) (citing cases); accord Kingvision Pay-Per-View Ltd. v. Olivares, 2004 WL 744226, *5 (S.D.N.Y. April 5, 2004). The Clerk shall enter judgment in accordance with this order.

/s/ Terence P. Kemp
United States Magistrate Judge